**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

| | |
|---|---|
| **DHRUV AVDHESH, Plaintiff** | **COMPLAINT** |
| -against- | Index No.: _____ |
| **ESMERALDA ROSARIO-HUMPHREY, Defendant** | Dated: February 7, 2022 |

-------------------------------------------------------------------X

PLAINTIFF BRINGS THE FOLLOWING COMPLAINT AGAINST THE DEFENDANT FOR EXCEPTION TO DISCHARGE UNDER THE BANKRUPTCY CODE AND DAMAGES FOR VIOLATIONS OF THE NEW YORK CITY RENT STABILIZATION LAW OF 1969 AND THE RENT STABILIZAITON CODE, AND IN SUPPORT THE PLAINTIFF STATES AS FOLLOWS:

**PARTIES**

1. The Plaintiff, Dhruv Avdhesh, resides at 40 Newport Pkwy, Apt 712, Jersey City, NJ 07310, and was a resident of 296 Columbia St, Apt 5D, Brooklyn, NY 11231; and herein after referred to as the "Creditor".

2. The Defendant, Esmeralda Rosario-Humphrey, resides at 106 Arlington Place, Staten Island, NY 10303; herein after referred to as the "Debtor".

**PRELIMINARY STATEMENT**

3. This is a civil rights action in which the Creditor seeks exception from discharge under the Bankruptcy Code [11 U.S.C. § 523(a)(2)] on account of false pretenses, false

representation, and actual fraud and damages for charging excessive rent in violation of the New York City Rent Stabilization Law of 1969 [RSL § 26-511(12)] and the Rent Stabilization Code [9 NYCRR § 2525.7]. The Creditor further seeks compensatory and punitive damages, declaratory and injunctive relief, an award of costs and such other and further relief as the court deems just and proper.

**JURISDICTION**

4. This is an action arising under 11 U.S.C. § 523(a)(2), RSL § 26-511 (12), and 9 NYCRR § 2525.7.
5. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C § 157, 28 U.S.C. § 1334, and 28 U.S.C. § 1409(a).

**STATEMENT OF FACTS**

6. The Creditor is an international student who came to the United States to pursue Master of Science and entered the country, for the first time ever, on August 17, 2018.
7. The Creditor and the Debtor signed a lease agreement, prepared by the Debtor, on August 26, 2018 for an initial period of sixteen months, September 2018 through December 2019, for renting out the 'room B' at 296 Columbia St, Apt 5D, Brooklyn, NY 11231; herein after referred to as the "Property".
8. The Debtor charged a monthly rent of $1,000 per month to the Creditor for room B which is inclusive of heat, gas, and electricity. If air conditioning was installed, additional flat rate of $50 was added to the monthly rent.
9. The lease was extended on a month-to-month basis on December 22, 2019 for another eight months, January 2020 through August 2020, through an email.
10. The Property is owned by Columbia Street LP, 60 Sackett St, Brooklyn, NY 11231; and herein after referred to as the "Owner".
11. The building identification number for the building at 296 Columbia St, Brooklyn, NY 11231 is 346074 as per the New York Division of Housing and Community Renewal.

12. The Debtor did not reside at the Property for any period between September 2018 through August 2020.
13. The lease between the Debtor and the Creditor, prepared by the Debtor, did not mention that the Property is a rent stabilized apartment.
14. 'Room A' of the Property was occupied by Jasmine Rosario, daughter of the Debtor; and herein after referred to as the "Daughter of the Debtor".
15. The Property consists of two bedrooms, room A occupied by the Daughter of the Debtor and room B occupied by the Creditor. One bathroom, one hall, and one kitchen were shared between the Daughter of the Debtor and the Creditor.
16. The room B occupied by the Creditor was unfurnished.
17. The Creditor paid a security deposit vide Western Union Money Order, to be refunded at move-out, of $1,000 to the Debtor.
18. The Creditor paid $1,000 in lieu of the monthly rent to the Debtor from September 2018 through August 2020, vide:
    a. Western Union Money Order for September 2018 and October 2018 at the signing of the lease agreement between the Creditor and the Debtor;
    b. Electronic transfer each month from November 2018 through August 2020.
19. The Property in question is a rent stabilized apartment with the following monthly legal regulated rents, for the complete apartment of two rooms, room A and room B, one bathroom, one hall, and one kitchen, as per the written records of the NY Division of Housing and Community Renewal and as confirmed by the Owner:
    a. $ 985 per month from September 2018 through April 2019;
    b. $1,000 per month from May 2019 through August 2020.
20. The Debtor was notified over email to fix the toilet bowl which blocks up time and again.
21. The Debtor initially verbally communicated that $250 would be deducted from the security deposit of the Creditor citing damage caused due to bathroom leakage issues.
22. The Debtor deducted $200 from the security deposit of the Creditor for bathroom leakage issues but without any written bill or invoice.
23. The Debtor, even after repeated verbal and written requests, did not provide the Creditor the key to the mailbox, installed in the lobby of the building. The Debtor lost pay checks, countless packages with books for school, et cetera.

24. In the Civil Court of the City of New York for the Kings County of New York:
    a. The Creditor, as a pro-se plaintiff, sued the Debtor on September 21, 2020 vide index number CV-015436-20/KI for violation of the New York City Rent Stabilization Law of 1969 [RSL § 26-511 (12)], Rent Stabilization Code [9 NYCRR § 2525.7], the Warranty of Habitability of the New York Real Property Law [RPP § 235-B], and the lease agreement between the Creditor and the Debtor.
    b. A trial was held on November 10, 2021 and the Honorable Civil Court Judge, Ellen E. Edwards, granted a decision in favor of the Creditor.
    c. Subsequently, a judgment was entered in favor of the Creditor and against the Debtor, awarding the Creditor the following amounts:
        i. Amount claimed for rent overcharge: $12,060
        ii. Amount claimed for deduction from security deposit: $100
        iii. Interest from September 1, 2018 at nine percent: $3,502
        iv. Cost by statue: $300
        v. Index number fee: $45
        vi. Service fee: $25
        vii. Enforcement fee: $50
    d. The judgment totaled to $16,082 inclusive of amount claimed, interest, and fees.
    e. The Court awarded the Creditor the amount for rent overcharge but did not award the Creditor with additional damages as provided in the New York City Rent Stabilization Law [RSL § 26-511 (12)] and the Rent Stabilization Code [9 NYCRR § 2525.7] since the Creditor didn't specify the amount for damages in the complaint.
25. The Debtor filed for Chapter 7 Bankruptcy on November 22, 2021 in the United States Bankruptcy Code for the Eastern District of New York vide case number 1-21-42905-jmm.
26. Robert J Musso was appointed the Bankruptcy Trustee for the bankruptcy case 1-21-42905-jmm; herein after referred to as the "Trustee".
27. According to Notice of Chapter 7 Bankruptcy Case (Official Form 309A) received by the Creditor, the Creditor was invited to attend the Meeting of Creditors on December 27, 2021 at 10:00 AM at the Court. On reaching the Court premises, the security officers informed

      the Creditor that the Court is closed for construction. Post which, the Creditor also visited the office of the Trustee which was also found to be locked.

28. The Creditor wrote to the Trustee via email and the Trustee told the Creditor that Meeting of Creditors was held via tele-conferencing on December 27, 2021. The Creditor did not receive any notice for the tele-conferencing based Meeting of Creditors.

29. The Trustee invited the Creditor to attend the adjourned Meeting of Creditors on January 19, 2022 at 10:00 AM through tele-conferencing. However, the Debtor did not appear at the adjourned Meeting of Creditors.

30. The Creditor did not get a chance to question the Debtor under oath.

## COUNT I: EXCEPTION TO DISCHARGE UNDER THE BANKRUPTCY CODE [11 U.S.C. § 523(a)(2)]

31. The duly signed lease agreement between the Debtor and the Owner clearly mentions that the Property is rent stabilized and that "A tenant (in this case, the Debtor) who sublets his/her apartment is entitled to charge the sub-tenant (in this case, the Creditor) the rent permitted under the Rent Stabilization Law, and may charge a 10% surcharge payable to the tenant only if the apartment sublet is fully furnished with the tenant's furniture. Where the tenant charges the sub-tenant any additional rent above such surcharge and sublet allowance, if applicable, the tenant shall be required to pay to the sub-tenant a penalty of three times the rent overcharge, and may also be required to pay interest and attorney's fees."

32. Pursuant to the New York City Rent Stabilization Law [RSL § 26-511 (d)], "(1) Each owner (in this case, the Debtor) subject to the rent stabilization law shall furnish to each tenant (in this case, the Creditor) signing a new or renewal lease, a rider describing the rights and duties of owners and tenants as provided for under the rent stabilization law of nineteen hundred sixty-nine."

33. The lease agreement between the Creditor and the Debtor, prepared by the Debtor, failed to declare that the Property is rent stabilized and did not include the required legal rider.

34. The New York Division of Housing and Community Renewal and the Owner of the Property confirmed the following monthly legal regulated rents for the complete rent stabilized apartment to the Creditor:
    a.  $ 985 per month from September 2018 through April 2019;
    b.  $1,000 per month from May 2019 through August 2020.
35. The Property is a rent stabilized apartment and the Debtor charged the Creditor a rent of $1,000 per month for room B from September 2018 through August 2020.
36. Pursuant to the New York City Rent Stabilization Law [RSL § 26-511 (12)], "(a) the rental charged to the subtenant (in this case, the Creditor) should not exceed the stabilized rent plus a ten percent surcharge payable to the tenant (in this case, the Creditor) if the unit sublet was furnished with the tenant's furniture; (e) where a tenant violates the provisions of subparagraph (a) of this paragraph the subtenant shall be entitled to damages of three times the overcharge and may also be awarded attorneys and interest from the date of the overcharge at rate of interest payable on a judgment pursuant to section five thousand four of the civil practice law and rules."
37. Pursuant to the Rent Stabilization Code [9 NYCRR § 2525.7], applicable in case of occupancy by persons other than the Prime Tenant of record or Prime Tenant's immediate family, "(b) The rental amount that a tenant (in this case, the Debtor) may charge a person in occupancy (in this case, the Creditor) pursuant to § 235-F of the Real Property Law shall not exceed such occupant's proportionate share of the legal regulated rent charged to and paid by the tenant for the subject housing accommodation."
38. Since the Property consists of two rooms, room A and room B, occupied by the Daughter of the Debtor and the Creditor, respectively, the proportionate share of the legal regulated rent for the Creditor is half of the legal regulated rent.
39. The Debtor overcharged the following amounts to the Creditor in violation of the New York City Rent Stabilization Law of 1969 [RSL § 26-511 (12)] and the Rent Stabilization Code [9 NYCRR § 2525.7]:
    a.  $507.50 per month from September 2018 through April 2019;
    b.  $500 per month from May 2019 through August 2020.
40. The total overcharge during the twenty-four months period from September 2018 through August 2020 comes out to be:

      a. $507.50 for eight months, September 2018 through April 2019, equal to $4,060;

      b. $500 for sixteen months, May 2019 through August 2020, equal to $8,000;

      c. $12,060 for complete twenty-four months, September 2018 through August 2020.

41. Before filing the civil case in the Civil Court of the City of New York for the Kings County of New York, the Creditor tried to resolve the issue with the Debtor outside of the Court by proposing that the Debtor should refund the overcharged amount to the Creditor in a series of emails but the Debtor denied the request and responded by saying, "You took pictures of my lease!" which is a clear indication that the Debtor was deliberately trying to conceal material facts from the Creditor.

42. In the case of Susan M. Bryant v. Kimerly A. Carey [196 Misc.2d 412 (2003)], the Civil Court, New York County ruled that overcharged roommates have a cause of action under 9 NYCRR § 2525.7 since the section was intended to protect roommates from profiteering tenants. "Recognizing the right of a roommate to bring an action against a tenant that overcharges protect roommates and acts to deter tenants seeking to profit from rent stabilized tenancies. The right is consistent with the regulatory scheme." Further, the Court entered a judgment in favor of the plaintiff against the defendant awarding the plaintiff the overcharged amount with interest.

43. The Debtor deducted $200 from the security deposit of the Creditor citing damage caused due to bathroom leakage issues but failed to provide any written bill or communication to the Creditor.

44. The clause three of the lease agreement between the Creditor and the Debtor mentions, "Any bill, statement, or notice must be in writing. If addressed to the Tenant (in this case, the Creditor), it must be delivered or mailed to the Tenant at the Apartment (in this case, the Property)." No bill or notice was received by the Creditor and therefore, the Debtor violated the lease agreement.

45. Post due consideration in the trial between the Creditor and the Debtor in the Civil Court of the City of New York for the Kings County of New York, the Court ruled that the Creditor proved prima facie case and a judgment was entered in favor of the Creditor and against the Debtor, awarding the Creditor the following amounts:

    a. Amount claimed for rent overcharge: $12,060

    b. Amount claimed for deduction from security deposit: $100

    c. Interest from September 1, 2018 at nine percent: $3,502

    d. Cost by statue: $300

    e. Index number fee: $45

    f. Service fee: $25

    g. Enforcement fee: $50

    h. Total judgment inclusive of amount claimed, interest, and fees: $16,082

46. Pursuant to the Bankruptcy Code [11 U.S.C. § 523], "(a) A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by - (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

47. Establishing the elements of actual fraud for 11 U.S.C. § 523(a)(2):

    a. The Debtor obtained money through material misrepresentation of the amount of rent in a rent stabilized apartment. Overcharge of rent in a rent stabilized apartment in New York City is illegal.

    b. The Debtor at the time of signing the lease agreement between the Creditor and the Debtor knew that the apartment was rent stabilized and the Debtor isn't allowed to charge excessive rent given that the signed lease between the Debtor and the Owner mentioned the rules of sub-letting clearly.

    c. The Debtor made the misrepresentation with intent to deceive and tried to protect her fraud by saying "You took pictures of my lease!" to the Creditor when the Creditor sent a legal notice to Debtor. Moreover, the Debtor never provided the mailbox key to the Creditor and had asked the Creditor not to speak with any neighbors or repair personnel.

    d. The Creditor reasonably relied on the misrepresentation as the Creditor signed the lease agreement for the Property within ten days of arriving in the country.

    e. The Creditor suffered loss worth $12,060 for rent overcharge and $100 for violation of the lease agreement due to the Debtor's conduct.

48. In the case of Hilda De La Cruz, Nelfo C. Jimenez, Maria Morales, Gloria Sandoval, Hector Santiago, Santia Santos, Elba Saravia, Elvia Siguenzia, Enilda Tirado v. Edward S. Cohen [185 B.R. 171 (1994)]:

    a. The United States Bankruptcy Court for District of New Jersey ruled that "charging of rent over the legal rental rate are nondischargeable under 11 U.S.C. § 523(a)(2)".

    b. The case 185 B.R. 171 (1994) is similar to the case at hand in the manner that Cohen knew that Cohen's property was subject to rent control in New Jersey but still Cohen chose to overcharge the rent to the recent immigrants that rented Cohen's property and later Cohen applied for relief under Chapter 7 of the Bankruptcy Code.

49. The Debtor is neither honest nor fortunate. The Debtor was in a position of power over the Creditor and the Debtor willfully concealed material facts about the Property, therefore committing fraud for monetary gains. The Debtor also harassed the Creditor on numerous occasions in an effort to extort more and more money out of the Creditor.

## COUNT II: DAMAGES FOR VIOLATION OF THE NEW YORK CITY RENT STABILIZATION LAW [RSL § 26-511 (12)] AND THE RENT STABILIZATION CODE [9 NYCRR § 2525.7]

50. Pursuant to the New York City Rent Stabilization Law [RSL § 26-511 (12)], "(a) the rental charged to the subtenant (in this case, the Creditor) should not exceed the stabilized rent plus a ten percent surcharge payable to the tenant (in this case, the Creditor) if the unit sublet was furnished with the tenant's furniture; (e) where a tenant violates the provisions of subparagraph (a) of this paragraph the subtenant shall be entitled to damages of three times the overcharge and may also be awarded attorneys and interest from the date of the overcharge at rate of interest payable on a judgment pursuant to section five thousand four of the civil practice law and rules."

51. The Civil Court of the City of New York for the Kings County of New York:

    a. Awarded the Creditor $12,060, the overcharged rent amount with nine percent interest.

    b. Did not award the Creditor with any damages since the Creditor who sued and appeared as pro-se did not specifically ask for a monetary amount for the damages in the complaint.

52. In the case of Hilda De La Cruz, Nelfo C. Jimenez, Maria Morales, Gloria Sandoval, Hector Santiago, Santia Santos, Elba Saravia, Elvia Siguenzia, Enilda Tirado v. Edward S. Cohen [185 B.R. 180 (1995)]:
    a. The United States Bankruptcy Court for District of New Jersey ruled that, "the Plaintiffs (in this case, the Creditor) are entitled to a nondischargeable judgment equal to three times the stipulated amount of overpayment".
    b. This case is in continuation of the judgement of the case 185 B.R. 171 (1994) in which the Court ruled "charging of rent over the legal rental rate are nondischargeable under 11 U.S.C. § 523(a)(2)".
    c. The case was appealed in the United States Court of Appeals, Third Circuit [106 F.3d 52 (1997)] and later in the United States Supreme Court [523 U.S. 213 (1998)] and the Supreme Court ruled that, "§ 523(a)(2)(A) prevents the discharge of all liability arising from fraud, and that an award of treble damages therefore falls within the scope of the exception."

**PRAYER**

WHEREFORE THE PLAINTIFF PRAYS FOR RELIEF AND JUDGEMENT AGAINST THE DEFENDANT

53. The Debtor's debt of $16,082 incurred as a result of a judgement against the Debtor, by the Civil Court of the City of New York for the Kings County of New York, for violation of the New York City Rent Stabilization Law of 1969 [RSL § 26-511 (12)], Rent Stabilization Code [9 NYCRR § 2525.7], and the lease agreement between the Creditor and the Debtor should be excluded from the Chapter 7 Bankruptcy case number 1-21-42905-jmm on the basis of false pretense, false representation, and actual fraud.
54. The Creditor should be awarded an additional amount of $24,120 in damages for violation of the New York City Rent Stabilization Law of 1969 [RSL § 26-511 (12)] and Rent Stabilization Code [9 NYCRR § 2525.7].
55. The Debtor should be ordered to pay the Creditor the incurred debt, damages, appropriate penalties, and Court fees as provided by applicable laws.

56. The Creditor be awarded such other and further relief as may be lawful for the offences complained of herein, or that the Court deems just and proper.

DATED:    February 7, 2022
            Jersey City, NJ

DHRUV AVDHESH
40 Newport Pkwy, Apt 712
Jersey City, NJ 07310
me@dhruvavdhesh.net
+1 (347) 574 - 1432

By:

_____
DHRUV AVDHESH, Plaintiff